UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| DEMOR CLARKE, | | REPORT |
| | Plaintiff, | and |
| v. | | RECOMMENDATION |
| UNITED STATES, | | 19-CV-00328V(F) |
| | Defendant. | |

_____

APPEARANCES:  DEMOR CLARKE, *Pro se*
 200-300-766
 Buffalo Federal Detention Facility
 4250 Federal Drive
 Batavia, New York  14020

 JAMES P. KENNEDY
 UNITED STATES ATTORNEY
 Attorney for Defendant
 MARY K. ROACH
 Assistant United States Attorney, of Counsel
 Federal Centre
 138 Delaware Avenue
 Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on October 10, 2019, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion to dismiss for lack of prosecution (Dkt. 12), filed February 24, 2020.

**BACKGROUND and FACTS**[1]

Plaintiff Demor Clarke ("Plaintiff" or "Clarke"), proceeding *pro se*, commenced this civil rights action against Defendant United States ("Defendant"), while detained at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF") awaiting removal from the United States. Plaintiff asserts violations of the Eighth Amendment when Plaintiff slipped on a wet floor, sustaining injuries for which he was denied inadequate medical treatment, as well as a pendent state claim for negligence. On October 7, 2019, Defendant filed an answer.

On November 21, 2019, Plaintiff was removed from the United States. At a scheduling conference conducted by the undersigned on December 3, 2019, Defendant advised that efforts to obtain a forwarding address for Plaintiff from BFDF were futile. December 3, 2019 Minute Entry (Dkt. 9). Defendant's oral request to adjourn the matter for 60 days to allow Plaintiff to contact the court was granted. *Id.* On December 16, 2019, a copy of the December 3, 2019 Minute Entry mailed to the Plaintiff at his last known address at BFDF was returned to the court as undeliverable (Dkt. 10). Plaintiff failed to appear at a February 4, 2020 scheduling conference, and Defendant's intent to move to dismiss for failure to prosecute was noted. February 4, 2020 Minute Entry (Dkt. 11).

On February 24, 2020, Defendant filed the instant motion to dismiss for failure to prosecute (Dkt. 12) ("Defendant's motion"), supported by the attached Declaration of Assistant United States Attorney Mary K. Roach ("Roach Declaration"), with exhibits ("Roach Declaration Exh(s). __"), and the separately filed Memorandum of Law in

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Support of Defendant's Motion to Dismiss for Failure to Prosecute (Dkt. 13) ("Defendant's Memorandum"). A copy of the March 2, 2020 order (Dkt. 14) setting March 23, 2020 as Plaintiff's deadline to respond to Defendant's motion, and April 3, 2020 as Defendant's deadline to file any reply, mailed to Plaintiff at his last known address at the BFDF was returned to the court on March 11, 2020 as undeliverable (Dkt. 15). To date, Plaintiff has not again appeared in this action nor provided the court with a valid mailing address. Oral argument was deemed unnecessary.

Based on the following, Defendant's motion should be GRANTED.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 41(b) ("Rule 41(b)"), an action may be dismissed on the merits and with prejudice if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedures, or a court order. Although Rule 41(b) does not define what constitutes a "failure to prosecute," the Second Circuit Court of Appeals has stated that such failure "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). It is within a district judge's discretion to dismiss an action for failure to prosecute. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). *See also Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (whether to grant a motion seeking dismissal under Rule 41(b) "is a matter committed to the discretion of the district court." (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962))). Dismissal for failure to prosecute is, however, "a harsh remedy to be utilized only in extreme situations. . . ." *Id.*

This is particularly true in cases where dismissal for failure to prosecute is sought against *pro se* plaintiffs requiring the circumstances be "sufficiently extreme." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 487 (2d Cir. 1994)).  As such, the Second Circuit has "fashioned guiding rules that limit a trial court's discretion in this context." *Drake*, 375 F.3d at 254 (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993), and *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  These rules include

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (citing cases).

"No one factor is dispositive," and the record must be considered as a whole.  *Id.* Further, these factors apply "even when the deportation of a party provides a basis for dismissal for failure to prosecute."  *Abreu v. Weston*, 2019 WL 8466819, at * 3 (N.D.N.Y. Oct. 15, 2019) (citing *Brown v. Wright*, 2008 WL 346347, at *3 (N.D.N.Y. Feb. 6, 2008)), *report and recommendation adopted* 2020 WL 524777 (N.D.N.Y. Feb. 3, 2020).  Here, consideration of these five factors supports dismissal for failure to prosecute.

In particular, Assistant United States Attorney Mary K. Roach ("AUSA Roach") advised the court by letter dated November 25, 2019, that on November 21, 2019, Plaintiff was removed from this country by United States Department of Homeland Security Immigration and Customs Enforcement.  Roach Declaration ¶ 8 and Exh. B.  At the December 3, 2019 scheduling conference, AUSA Roach advised the court that her

4

attempts to obtain a forwarding address from Plaintiff from BFDF were futile, which is consistent with the fact that the copy of the court's December 3, 2019 minute entry mailed to Plaintiff at his last known address at the BFDF was returned as undeliverable, and requested a 60-day adjournment to allow Plaintiff additional time to contact the court and provide his new address. *Id*. ¶ 9. Although the request was granted, the copy of the December 3, 2019 minute entry mailed to Plaintiff at BFDF was also returned as undeliverable, and Plaintiff did not provide the court with his new address, nor did Plaintiff appear at the re-scheduled February 4, 2020 scheduling conference. *Id*. ¶¶ 9-10 (citing Dkts. 9 and 10). Plaintiff, not having responded in opposition to Defendant's motion, does not dispute any of Defendant's assertions which are consistent with the docket entries for the case. Based on Defendant's undisputed assertions, the court finds the five factors to be weighed when considering whether to dismiss for failure to prosecute support Defendants' motion.

In particular, with regard to the first factor, since being removed from this country on November 21, 2019, Plaintiff has failed to take any action in this case resulting in a delay of significant duration, specifically, more than one year since the initial scheduling conference on December 3, 2019, with no discovery taking place. The first factor thus weighs in favor of dismissal.

Although there is no indication that Plaintiff was on notice that his failure to prosecute could result in the dismissal of his action in accordance with the second factor, the inability to notify Plaintiff of such possibility is attributed to Plaintiff's failure to comply with Rule 5.2 of the Local Rules of Civil Procedure for the Western District of New York ("Local Rules") which, as relevant here, requires all *pro se* litigants to become

5

familiar with and comply with the Local Rules, and the failure to do so "may result in the dismissal of the case, with prejudice." Local R. Civ. Pro. – W.D.N.Y. 5.2(i).

Significantly, Local Rule 5.2(d) provides that

> a party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address they provide. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.

Local R. Civ. P. – W.D.N.Y. 5.2(d).

Accordingly, not only do the Local Rules put Plaintiff on notice of the need to advise the court of any change in address and ensure the Court has a valid address at which papers may be served, but any lack of notice that Plaintiff risked dismissal for failing to prosecute is attributable only to Plaintiff's failure to comply with Local Rule 5.2(d), which also provides another legal basis supporting the dismissal of Plaintiff's action. *See Gonzalez v. Hunt*, 308 F.Supp.3d 734, 736 (W.D.N.Y. 2018) (observing that based on the plaintiff's failure to keep the court apprised of his address the court was not required to expend any further time or effort on the case). Accordingly, the second factor favors dismissal.

With regard to the third factor pertaining to prejudice to the defendant resulting from further delay, such prejudice "resulting from unreasonable delay may be presumed." *Lyell Theatre*, 682 F.2d at 43 (citing *Citizens Utilities Co. v. American Telephone and Telegraph Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979)). Although Plaintiff was removed from the country while the action was pending, nothing suggests Plaintiff's circumstances following his removal interfered with Plaintiff's prosecution of this matter much less prevented Plaintiff from providing the

6

court with a new address at which Plaintiff can receive papers.  Accordingly, prejudice to Defendant is presumed and the third factor weighs in favor of dismissal.

The fourth factor requires the court consider the balance between how congested a court's calendar is and the plaintiff's right to present his case.  *See Lee v. Green*, 2015 WL 5714234, at * 4 (W.D.N.Y. Sept. 29, 2015) (citing *Drake*, 375 F.3d at 257).  "'The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases.'" *Jackling v. HSBC Bank USA, N.A.*, 2019 WL 4058993, at * 7 (W.D.N.Y. Aug. 28, 2019) (quoting *Oliver v. Grebleski*, 2019 WL 1048295, at * 2 (W.D.N.Y. Jan. 17, 2019), *report and recommendation adopted*, 2019 WL 1050013 (Mar. 5, 2019)).  Although to date, the time expended on Plaintiff's case has not added much to the court's congestion, permitting the case to continue will require more of the court's valuable time for court conferences which likely will be wasted given that without a current, valid address at which to receive papers, the court is unable to notify Plaintiff of such future conferences.  Further, insofar as the court must also protect Plaintiff's due process rights, it is not possible to do so when the Plaintiff cannot be reached, a situation of Plaintiff's own making.  *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) (finding where *pro se* plaintiff failed to conduct any discovery for two and a half years after being put on notice that continued inaction on the case could lead to dismissal for failure to prosecute that "any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making").  The fourth factor thus supports dismissal.

With regard to the fifth factor, the court cannot conceive of any lesser sanction short of dismissal that would motivate Plaintiff to move forward with this action, especially in these circumstances where without a valid address for Plaintiff, the court is unable to even communicate the fact of such lesser sanctions to Plaintiff.  *See Gonzalez*, 308 F.Supp.3d at 736 (granting defendant's motion to dismiss where the *pro se* plaintiff's failure to take any steps to prosecute the matter, including failing to keep the court apprised of his address, negated the court's need to expend any further time or effort in the case, including the efficacy of lesser sanctions).  Indeed, Plaintiff's complete failure to act and apparent lack of interest in this case strongly suggests Plaintiff has abandoned it supporting dismissal.  *See Abreu*, 2019 WL 8466819, at * 3 (dismissing pursuant to Rule 41(b) for failure to prosecute an action alleging violation of civil rights while in state custody because while such action was pending *pro se* plaintiff was deported, plaintiff failed to provide court with new address, mail delivered to the plaintiff's last known address at the BFDF was returned as undeliverable, and plaintiff did not communicate with the court for more than five months, causing court to determine the plaintiff abandoned the civil rights action and that no lesser sanction would be effective).  The fifth factor thus favors dismissal.

All five factors thus weigh in favor of dismissing the action for failure to prosecute.

## **CONCLUSION**

Based on the foregoing, Defendant's motion (Dkt. 12) should be GRANTED with all claims Plaintiff asserts against Defendant DISMISSED with prejudice. The Clerk of Court should be directed to close the file.

Respectfully submitted,

*Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    January 5th, 2021
          Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

*Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 5th, 2021
            Buffalo, New York